Rattle, J.
 

 The Act of 1829, chap. 17, re-enacted in 1836, 1 Rev. Stat. chap. 85, sec. 18, authorises one tenant in common of slaves to file a petition, either in the County or Superior Court against his co-tenant for the purpose of obtaining a partition of such slaves either specifically, or if necessary, by a sale of them. The present suit is a proceeding under that Act, but the defentant in his answer, denies that the plaintiffs have any interest in the slave in question; and, if that be not so, he insists that plaintiffs’ interest is that of copartners, and not that of tenants in common with him. The testimony given on the trial shows, or at least tends to show, that the original owners from whom the present parties claim, stood towards each other, with regard to the ownership of the slave, in'the relation of copartners, instead of tenants in common. Ilis Honor in the Court below, held that it made noklifference whether the original owners as copartners or as t.enauts jn common, for that the partnership liad been dissolvod, and that the equity which one of the partners might have had against the other as to the settlement of the partnership and -the disposition of its effects, could not be noticed in a court of.law. The-questions then are 1st. Whether the present parties have become tenants in common by their purchases respectively from the original partners ? and 2ndly, if they have not, but have become themselves copartners of the slave, whether as such, one of the parties can sustain this proceeding against the other for a partition? ’
 

 We think that both questions must be. decided against the plaintiffs, upon principles which have received the sanction of this Court. In
 
 Treadwell
 
 v.
 
 Roscoe,
 
 3 Dev. Rep. 50, Henderson, C. J. said, “ It is trim that the purchaser of partnership property under a
 
 fi.fa.
 
 against one of the partners, stands in the place of such partner, and can only claim so far as the article purchased extends, what that partner could claim, that is, a share in the profits, or rather surplus, after the payment
 
 *123
 
 of the debts of the firm.” So of a sale by one of the partners of an article belonging to the partnership for the payment of his own separate debt, RotstiN, C. J. said, “ that as respects the right to the thing sold, the assignee stands in the shoes of his assignor,”
 
 Wells
 
 v. Mitchell, 1 Ire. Rep. 484. Both these cases have been referred to, and recognized as authority in the very recent ones,
 
 Blevins
 
 v.
 
 Baker,
 
 11 Ire. Rep. 291, and
 
 Vann
 
 v.
 
 Hussey,
 
 1 Jones’ Rep. 381. As the plaintiffs and defendant then, upon their respective purchases from the original owners, who, in this argument, are to be taken as partners, stood respectively in the place of their assignors, they must stand towards each other as partners, and not as tenants in common. If this be so, then it is said by Eufj?IN; C. J., in
 
 Baird
 
 v.
 
 Baird,
 
 1st Dev. and Bat. Eq. 539, that “ there can be no division of partnership property until all the accounts of the partnership have been taken and the clear interest of each partner ascertained.” The reason of this is stated very fully and clearly by the same eminent Judge, in
 
 Wells
 
 v. Mitchell,
 
 ubi supra,
 
 “ The difference between tenants in common and partners, is exhibited more plainly, when it is considered what remedies persons standing, in those relations respectively have against each other. If a tenant in -common destroys the chattel, or* as some think, if he sell the whole, his fellow may have trover or trespass against him; but it is clear between partners, those actions do not lie :■ nor indeed, any others at law. Every thing rests in confidence between partners, and lies in account while the partnership continues, and if one of them sell, or take, or destroy the joint effects, all that can be done is to charge to him the value in account. , The interest of partners in particular chattels cannot be determined by the number of the partners, or their shares of the profits, nor can any one of them claim a division of specific articles > an account must be taken of the whole partnership, so as to ascertain the clear interest of' each partner: until such account be taken, it cannot be told whether the partner, who for his benefit sold or consumed the partnership, property was not justifiable, inasmuch as his interest in the joint stock may
 
 *124
 
 ita-ve exceeded the value of the property.” After some remarks about the difficulty df settling controversies ’between ¡partners in a court of law, lie-eoncludes thus: “ As a court of law thus finds itself incapable of ascertaining the rights of the parties and doing .¡justice between them, it ought not to assume the jurisdiction for any purpose,'but leave the whole subject to that tribunal which can ■•administer exact justice in the premises.”
 

 It is very clear from these authorities which are founded in reason and good sense, that Prentiss could not have sustained this proceeding against Masters, for the sale and partition of of the slave Daniel, provided they held him as partners; and st seems to us equally clear, that those who purchased their ''interests respectively in the said slave, must be governed by •the same rule. The Judge erred in charging otherwise, and there must be a
 
 venire de novo.
 

 Per Curiam. Judgment reversed.